The opinion of the court (Tilghman, C. J. being absent,) was delivered by
Gibson, J.
As the first point is one of as well as of the first impression; and as the second is decisive of the cause, we deem it proper to say nothing of the former, but to rest the decision on the latter alone.
*239 The bond for the surplus purchase money beyond the amount of the taxes and the costs, was not given by the purchaser till two years after the execution of the deed. This is fatal. The legislature intended to make the filing of the bond and the delivery of the deed concomitant acts; for it is expressly declared that the bond is to be filed “forthioith.” But the reason of the thing is sufficient to show what was meant. In the case of an ordinary purchase, the party calling for the execution of the contract, must, in the absence of positive stipulation, have performed, or at least, be ready to perform every thing he was bound to do; and the same principle is applicable to cases of purchase at commissioners sales. The purchaser is not to be invested with title to perhaps a valuable tract of land, and on payment of a few cents, before that portion of the purchase money which belongs to the original owner has been secured in the way pointed out in the law. It is no answer to say, it is the duty of the officer who executes the deed to see that the ■bond be filed, and that for negligence in that particular, the owner has remedy against him and his sureties; and that as the owner is secured in this shape, the title passess independently of the bond. For whose security is the bond to be filed ? Certainly for that of the owner. The intention was to give him a lien on the land itself; and to make it the duty of the purchaser at the peril of his title to see that he has it. He might otherwise incumber the land so as to render a bond subsequently given, no security at all. Beside it would be unreasonable, and what the legislature never intended, to suffer bidders to turn the sale into a mere experiment, and to hold to the contract or to rescind it, as the bargain should turn out to be a good or a bad one: or, as in this very case, to execute the bond after the lapse of a considerable period, and to claim the land after the original owner had enhanced its value by improvements. The law intended that every transaction of this kind should be a real one, the execution of the bond and of the deed being simultaneous, whereas then the officer parts with the deed without having obtained the bond, the purchaser is to be considered as obtaining it surreptitiously, because the officer transcends his power: and under .sucl? circumstances the delivery is void. The court, therefore, instead of directing the jury, that the deed was prima facie evidence of title, and that the plaintiff would be entitled to recover unless he had withheld the bond, with an intention to deceive the defendant into a belief that he had abandoned the contract; should have directed them that the plaintiff’s negligence in respect of filing the bond was y;er se an inseparable objection to his recovery.
Judgment reversed.