The opinion of the court was delivered by
Rogers, J.
This case depends on the construction of the third section of the act of the 13th of March, 1815, directing the mode of selling unseated lands for taxes. The plaintiff in error, Ephraim Turk, holds by virtue of a deed from the treasurer of Butler.county, the land in dispute having been sold for the payment of taxes regularly assessed. The property was sold for fourteen dollars thirty-seven and a half cents; the whole amount of which was paid by the purchaser to the county treasurer. It is alleged by the defendant in error, (the plaintiff in the Common Pleas,) that there is a surplus after payment of the taxes and costs, and that the purchaser has omitted to give, and the treasurer to receive, a surplus bond, in compliance with the provisions of the second section of the act of the 3d of April, 1804. It appears, that after the payment of the road and county taxes, there remained of .the purchase money three dollars eighty-seven and a half cents. The treasurer, in order that the costs should amount to this sum, has introduced two items, — twenty-five cents for drawing the bond, which never was drawn, and one dollar to the prothonotary, for entering the acknowledgment of the deed. It is contended, that the one dollar is to be paid by the purchaser, in addition to the purchase money; whilst, on the other side, it is insisted that it is to be paid to the treasurer, out of the purchase money of the land. If the defendant in error be correct, there is a surplus for vvhich a surplus *352 bond should have been executed, on the authority of the case of Sutton v. Nelson, 10 Serg. & Rawle, 238.
The strong inclination of my mind is to support, by every reasonable intendment, the title of purchasers of real estate, sold for the payment of taxes, more particularly since the passage of the act of the 13th of March, 1815. The legislature have clearly manifested this intention, and courts of justice are bound to carry that intention into effect. The prompt payment of taxes enters intimately into the fiscal concerns of every country, and public policy requires that courts of justice should facilitate, rather than obstruct, the collection of their county rates and levies. The general opinion that prevails, that no sales of land for the payment of taxes can. be supported, has, I fearj caused great delay and neg^ ligence in the payment of taxes, by resident, as well as non-resident land owners. A similar idea has been the cause of the sale of lands for a mere nothing in comparison with their value. The act of 1815 is by no means illiberal in its provisions. The owners are necessarily aware of the nonpayment of their taxes, that the act fixes a particular day for the sale of the land, and, moreover, that they have two years to redeem their land. If, then, they are unable to show payment of their tax, or that they have redeemed their land within two years, what right have they to expect favour in a court of justice? Why should the bona fide purchaser be deprived of his land, upon a mere technical objection, or on noncompliance, on the part of the commissioners, with some of the formalities of the act, or a mistake of the treasurer in the amount of costs. Where it clearly appears that there is a surplus, or that there is a collusion between the treasurer and the purchaser to swell the costs, so as to absorb the purchase money, then the owner should avoid the sale; but where it is a mistake of the treasurer in the amount of costs, the purchaser ought not to be affected. It should be left, as a matter between the treasurer and the owner, with which the purchaser has no concern. In this case, the purchaser, with good faith, paid to the treasurer the whole amount of purchase money, and I can perceive no principle of reason or law, which would justify this court in depriving him of his land. Let us, however, recur to the construction of the second section of the act of 1815. If there be a mistake of construction, it would seem to be a common mistake, and indeed it must be confessed that the act is rather obscure in its terms. If necessary, I would here apply the maxim, communis error facit jus. The principle involved in this case, came incidentally before the court in Riddle v. The County of Bedford, 7 Serg. & Rawle, 390. Justice DuN-can, in delivering the opinion of the court, says, “ All that the purchaser is bound to pay, is the amount of his bid. The taxes and costs, including the prothonotary’s fee, he is to pay down, end the balance to give his bond for.” Although not the point *353 in the cause, it is something more than a mere dictum. The act of 1815 appears to have been well considered, and the principle forms one of the most prominent arguments in the decision of the turning point of the cause. The legislature say, in the second section, “that the purchaser shall pay to the treasurer the amount of the purchase money, or such part thereof as shall be necessary to pay off the taxes and costs, and also to pay, in addition, the sum of one dollar for the use of the prothonotary, for entering the acknowledgment of the deed.” It may be remarked, that the one dollar is to be paid to the treasurer for the use of the prothonotary, and not to the prothonotary himself. It is to be paid in addition. In addition to what? To the purchase money? I do not so understand the act, — but in addition to the taxes and costs which he is directed to pay to the treasurer. This construction is strengthened in the third section. The owner can redeem his land by an offer, or legal tender to the treasurer, of the amount of taxes for which the lands were sold, and the costs, together with the additional sum of twenty-five per cent, on the same. If, then, the one dollar does not form part of the purchase money or costs, the purchaser, on the redemption of the land, must lose it, as the owner clearly is not bound to pay more than the purchase money and costs, with the per centage. This surely was not the intention of the legislature. As the owner was in default, they intended he should pay the purchase money, and all the costs and charges, which resulted from the sale, and, moreover, mulcted him in the additional sum of twenty-five per cent, on the whole amount. On the authority, then, of Riddle v. The County of Bedford, 7 Serg. & Rawle, 390, and on consideration of the act of the 13th of March, 1815, I am of opinion, that all the purchaser is bound to pay is the amount of his bond: That the taxes and costs, including the prothonotary’s fee, are to be paid to the treasurer, and that the remainder of the purchase money only, forms part of the surplus bond.
I say nothing of the second and third errors assigned, as they have, upon an intimation from the court, been properly abandoned.
Judgment reversed, and a venire facias de novo awarded.