# White *against* Willard.

The omission of the treasurer to file the bond, given for the surplus purchase money of a tract of land sold for taxes, does not vitiate the purchaser's title.

ERROR to the common pleas of *Mercer* county.

Ejectment.   *Crawford White* purchased the land in dispute at a treasurer's sale for taxes in 1816, and then gave a bond for the surplus purchase money, beyond the amount necessary to pay the taxes and costs, and received his deed.    The bond was mislaid by the treasurer, and not found until 1823, when he filed it in the proper office.    The original title was in *Peter Willard* the defendant, whose counsel contended that the omission to file the bond was fatal to the plaintiff's title; and of that opinion was the court below, by whose direction a verdict and judgment were rendered for the defendant.    This was the only point argued here.

*Per Curiam.*—The point contested here was certainly not decided in *Sutton* v. *Nelson*, 10 *Serg. & Rawle* 238, nor an opinion on it intended to be intimated.    The word "filing" was carelessly used for delivering, on a supposition that the one would follow the other as a matter of course; but it was not supposed to be the business of the purchaser to attend to the duty of the officer, further than to see that he had the bond; or to make him answerable for negligence not his own.    For whose benefit is the officer to perform this particular duty?    Certainly for that of the former owner, who alone has remedy against him for a breach of it; and this shows that the purchaser is not the party to suffer by the officer's negligence.    If then the purchaser has performed his part by delivering the bond,

[White v. Willard.]

he is not chargeable with negligence in remaining ignorant of the officer's omission for seven or any other number of years. But granting him to have been aware of the fact, yet not being a trustee for any one, it was not his business to interfere, which is still more conclusively shown by his total inability to control the officer's actions. There was error therefore in charging that the omission of the treasurer was fatal to the title.

Judgment reversed, and a *venire de novo* awarded.