# Fager *against* Campbell.

5w  287
225  1293

Tax books, found in the Commissioners' office, are official documents and competent evidence in an action of ejectment for unseated land sold for taxes. So also is a receipt of the treasurer for the surplus bond required of the purchaser by the act of assembly.

The sale of unseated land for taxes divests the lien of a mortgage, and the purchaser takes the land clear of incumbrances.

ERROR to the common pleas of *Northumberland* county. This was a *scire facias* upon a mortgage by Conrad Fager, administrator *cum testamento annexo* of John Myers against Daniel Campbell, in which Charles Wharton, Jr., made defence as terretenant, and gave notice that he claimed title under a sale of the land as unseated for taxes. After the plaintiff had given the mortgage in evidence, the defendant offered in evidence the tax books

from the commissioners' office to show that a tax had been assessed, remained unpaid, and for which the land was sold; and also the receipt of the treasurer for the surplus bond required by the act of assembly.   To this evidence the plaintiff objected; the court overruled the objection and the plaintiff excepted.

At the request of defendant's counsel the court (Lewis, President) instructed the jury, that the sale for taxes to Charles Wharton, Jr., divested the lien of the mortgage, and the plaintiff was not entitled to recover.

> *Greenough*, for plaintiff in error.
> *Donnel* and *Hepburn*, contra.

The opinion of the Court was delivered by

GIBSON, C. J.—The tax book was an official document; and, according to Hubley *v.* Keyser, 2 *Penns. Rep.* 297, it was both competent and sufficient to show the land had been assessed.   The receipt of the treasurer, too, was competent evidence, according to White *v.* Willard, 1 *Watts* 42, that a surplus bond was executed and delivered; which is enough for the title of the purchaser who is not responsible for the neglect of the purchaser in omitting to have it filed.   The question, then, is whether a purchaser of unseated land, takes it clear of incumbrances; and on principle it is a plain one.   The land itself, and not the owner of it, is debtor for the public charge; and it is therefore immaterial, at the moment of sale, what may be the state of the ownership or how many derivative interests may have been carved out of it.   With these the public has no concern : they are sold with the land just as a remainder would be sold with the particular estate.   It is in vain to say that no more than the owner's equity of redemption is sold.   Why not as well say that the mortgagee's estate is sold; and that it is the equity of redemption that is reserved ?   The question is not answered by saying that the mortgagor is the actual owner in regard to every one but the mortgagee, and that a mortgage creates not an estate but a charge; for to say the owner may charge his land to the extent of its value in the hands of a purchaser, is to say he may exempt it from taxation altogether.   Thus incumbered, it could not be sold.   Necessity requires that the public duty should be held paramount to all others; and if a judicial sale shall clear the title of incumbrances, there is a more urgent reason that a treasurer's sale shall have the same effect.   The objection that the land was assessed in different townships and sold to different purchasers, cannot benefit the plaintiff; for the fact would show no more than an outstanding title in a third person, which would equally bar his recovery.

Judgment affirmed.